IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hobart P. Drake, Jr., #308080, | ) |
|     Plaintiff, | ) Civil Action No. 6:09-908-JFA-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Sgt. Scott Jones; Sgt. Brian Taylor; Officer Natasha Alston; Officer Harry Perez; Two Officers as John Doe, et. al, Official and Individual capacity, | ) |
|     Defendants. | ) |

This matter is before the court on the defendants' motion for summary judgment (doc. 58).

The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On October 15, 2009, the defendants filed a motion for summary judgment. On October 19, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On November 6, 2009, the plaintiff filed his opposition to the defendants' motion for summary judgment.

The plaintiff, who is now an inmate at Perry Correctional Institution, alleges claims of excessive force against several South Carolina Department of Corrections

("SCDC") officers. He claims the officers beat him severely while he was incarcerated at Lieber Correctional Institution.

## FACTS PRESENTED

The plaintiff is serving a 40-year sentence for murder. On January 21, 2008, while housed in the maximum security prison Lieber Correctional, the plaintiff was discovered by defendant Officers Perez and Alston with a container of homemade alcohol in his cell. After going through the reporting process and procedures, Officers Perez and Alston returned to the plaintiff's cell to give him his ID card, taken for use in writing up a report on his illegal alcohol. According to Officers Perez and Alston, the plaintiff was intoxicated and was not making sense. When the officers unlocked the door and started to open the door, the plaintiff forced his way out of the cell striking, Officer Perez several times in the face. Officer Perez was knocked to the ground, and the plaintiff tried to kick him. The plaintiff fled his cell. Officer Austin radioed in for help, while Officer Perez pursued the plaintiff. Sergeants Jones and Taylor responded as the First Response Team and chased the plaintiff through the adjacent hall, ordering him to stop resisting and return to his cell. Officer Perez was unable to continue pursuing, and he observed from a distance. The plaintiff would not peacefully surrender. Sergeants Jones and Taylor placed the plaintiff on the floor and attempted to handcuff him. However, the plaintiff continued to resist (def. m.s.j., Perez, Alston, Taylor, Jones affs., Incident Reports). Sergeant Jones discharged his chemical munition with one burst in the plaintiff's face, subduing the plaintiff. A total of .5 ounces of the chemical munition was used. Sergeants Jones and Taylor testified that only the force needed to restrain the plaintiff was used (def. m.s.j., Jones, Taylor affs., Incident Reports, Management Information Notes). The plaintiff was charged with assault and battery on an officer and possession of alcohol.

In his affidavit, the plaintiff claims that while he was making homemade alcohol in his cell, he was not intoxicated. He states that "an altercation erupted that involved [him] and Officer Perez," but he provides no details of that incident. He claims that he fled because Officer Perez was yelling at him and had his mace canister out. He was afraid Officer Perez would "retaliate" against him if he allowed Officer Perez to place him in restraints. He claims that when the first responders, Sergeants Jones and Taylor, arrived, he got on his knees with his hands raised in the air. He claims that Sergeants Jones and Taylor handcuffed him and proceeded to punch him in the face. He claims Sergeant Jones used his chemical munition on him while he was lying on his stomach and in restraints. He further alleges that Sergeant Taylor kneed him in his face and knocked him unconscious. When he regained consciousness, the plaintiff claims that Sergeants Jones and Taylor and Officers Perez and Alston all kicked him. The plaintiff further claims that he never resisted the officers or ran from Sergeants Jones and Taylor, and he did not refuse to be restrained (pl. resp. m.s.j., pl. aff.).

The plaintiff and Officer Perez were taken to Medical for treatment. Officer Perez was treated for cuts and bruises to his left facial area. His prescription glasses were destroyed in the incident (def. m.s.j., Management Information Notes). Nurse Kathy Hutchenson provided treatment to the plaintiff following the incident. The plaintiff had a one-inch laceration above his right eye, and bruising was noted to his left eye. The plaintiff complained of pain in his right rib cage, but no bruising was noted. The plaintiff's eyes were cleaned, and steri-strips were applied. Later that day, the plaintiff was seen by Medical again. His left eye was very swollen and discolored, and bruises and abrasions were noted on the right side of his face. The plaintiff also complained of pain in his right rib cage. The plaintiff was given Tylenol, and he was told to alternate ice and heat on his face. X-rays were negative. On February 1, 2008, Medical noted that the plaintiff ambulated without difficulty and with a steady gait. Two months later, on March 28, 2008, the plaintiff

3

complained that his knee was injured in the altercation (pl. resp. m.s.j., SCDC Health Services Docs.).

In his complaint, the plaintiff alleges excessive force in violation of the Eighth and Fourteenth Amendments. He seeks actual, compensatory, and punitive damages of $45,000 against each defendant.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants argue that they are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before

5

addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). The "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In determining whether prison officials acted maliciously and sadistically, courts should balance several factors including: 1) the need for the application of force, 2) the relationship between that need and the amount of force used, 3) the threat "reasonably perceived by the responsible officials," 4) any efforts to mitigate the severity of the force used, and 5) the absence of serious injury. *Id.*

Clearly the deprivation of a basic human need here was sufficiently serious to meet the objective element of an Eighth Amendment claim. The defendants, however, argue that the "Plaintiff has failed to demonstrate that these Defendants acted with the

6

necessary malice to deny them the protection of qualified immunity" (def. m.s.j. 6). The plaintiff testified in his affidavit that after the altercation with Officer Perez and fleeing from Officer Perez, which he does not deny, he was handcuffed by Sergeants Jones and Taylor. He claims that after he was handcuffed, the officers beat him and sprayed him with mace while he was lying on his stomach on the floor in restraints. His version varies materially from the testimony of the officers, who testified the plaintiff resisted and fought back until the chemical munition was used, and only then were they able to restrain the plaintiff. Viewing the evidence in a light most favorable to the plaintiff, as this court must, and balancing the above factors, this court cannot say as a matter of law that the subjective element of an Eighth Amendment claim cannot be met in this case. Furthermore, the right of a prisoner to be free from cruel and unusual punishment was clearly established long before the alleged violation in this case. Accordingly, summary judgment on the basis of qualified immunity is not appropriate.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this court recommends that the defendants' motion for summary judgment (doc. 58) be denied.

s/William M. Catoe
United States Magistrate Judge

March 9, 2010
Greenville, South Carolina

7