UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hobart P. Drake, | ) | C/A No. 6:09-908-JFA-WMC |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Sgt. Scott Jones; Sgt. Brian Taylor; Officer Natasha Alston; Officer Harry Perez; Two Officers as John Doe, et al.; official and individual capacity, | ) | |
| Defendants. | ) | |

Plaintiff, Hobart P. Drake, a state prisoner proceeding without assistance of counsel, brings this action pursuant to 42 U.S.C. Section 1983. He claims that the defendants used excessive force on him in violation of the Eighth Amendment to the United States Constitution while he was incarcerated at the Lieber Correctional Institution. The plaintiff seeks actual damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 9, 2010. However, plaintiff did not file any objections to the Report.

The plaintiff's claims center around an incident where the plaintiff was discovered by some of the defendants to be making illegal alcohol in his prison cell. During the confrontation, the defendants discharged chemical munitions on the plaintiff, who was then charged with assault and battery on an officer and possession of alcohol. The plaintiff asserts that defendants' version of the confrontation is factually in dispute.

In their motion for summary judgment, the defendants contend that they are entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, the Magistrate Judge opines that the plaintiff has a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. Further, the Magistrate Judge finds that there are genuine disputes of material fact and that the court cannot say as a matter of law that the subjective element of an Eighth Amendment claim cannot be met in this case. The Magistrate Judge suggests that the court deny defendants' motion for summary judgment based on qualified immunity.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. The defendants' motion for summary judgment is hereby denied.

This matter is hereby set for trial in the July 2010 term of court with jury selection to occur on July 12, 2010. The parties will be seasonably notified of the date for a pretrial conference, which will occur prior to jury selection.

IT IS SO ORDERED.

April 12, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge